Timothy L. Gall
15435 La Jolla Dr.
Morgan Hill, CA  95037
(408) 778-0965
(408) 778-0965 Fax

Plaintiff

FILED
2008 JAN 29 A [illegible]
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE VENUE

| | |
|---|---|
| TIMOTHY L. GALL<br>          Plaintiff<br>vs.<br><br>City of San Jose<br>          Defendant | Case No. C0800120PVT<br><br>**Default Judgment**<br>**and Compensation** |

I am requesting a default judgment on Case No. C0800120PVT.

I am requesting the court to order that I be promoted to the position of Sergeant with a seniority date of December, 2005 when I was originally passed over because of my work injuries.

Compensation is based on the current contract, Memorandum of Agreement (MOA), between the City of San Jose and the San Jose Police Officer's Association.  A Sergeant is paid about 15% more then a top step Officer within the San Jose Police Department.  This can be roughly calculated that a Sergeant makes about 15,000.00 more annually then a top step officer.  I was originally passed over for the position of Sergeant over two years a go; I am requesting back pay of 30,000.00.  If I were to work

a full career as a Sergeant I would retire at age 57 with 30 years of service. I currently have about 14 years of service, with 16 years of service to reach a full career at 30 years of service. My future losses would be about 240,000.00 over the span of my career. If I were to retire after 30 years of service and live an average life span to the age of 75 years old, then my lost retirement wages would total about 229,500.00. The total of future lost wages in my life time would be about 499,500.00. These figures do not factor in that upon retirement there is a 3% cost of living adjustment each year as part of the MOA. If the court agrees and so orders the promotion, then future lost wages would be omitted.

I am requesting an additional monetary payment of a fair amount which the courts deemed as being appropriated for the anxiety, stress and hardship that was caused by the lack of appropriate administration of the program, the police department command staff's failure to take corrective action and a supervisor's abuse of authority in violating doctor patient confidential records.

The figures listed are approximate earnings and if this judgment were set aside for trial then more accurate higher factual costs would be submitted and the additional costs of attorney fees would be sought.

Additional punitive fees at the court's discretion should be considered because of the lack of collaborative effort from the city attorney's office when violations were reported and little to no effort was made to correct the violations. The violations have been on going since the implementation on June 23, 2005 Consent Decree (C-96-20060 RS).

I am requesting the court to order that I will have the opportunity to write additional considerations to the Exempt Officers Equality Program which will be submitted to the court for evaluation and implementation at a later date. My goal will be to make the administration of the program more balanced between the needs of the San Jose Police Department and the interests of the injured officers in continued meaningful employment.

| | | |
|---|---|---|
| 1 | Dated: January 29, 2008 | Timothy L. Gall |
| 2 | | |
| 3 | | By _[signature: T. Gall]_ |
| 4 | | Plantiff |