Timothy L. Gall
15435 La Jolla Dr.
Morgan Hill, CA 95037
(408) 778-0965
(408) 778-0965 Fax
Plaintiff



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE VENUE

TIMOTHY L. GALL
      Plaintiff

vs.

City of San Jose
      Defendant

Case No. C0800120JW

Case Management Statement
and Proposed Order

    The parties to the above entitled action are filing separately because the Defendant files with the Court through the electronic filing system and the Plaintiff is pro-se and hand delivers hard copies to the Court. The Plaintiff submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

### Description of the Case

This action involves a complaint by current San Jose Police Officer Timothy L. Gall regarding the manner in which the City of San Jose treats police officers with injuries that prevents officers with injuries from working patrol assignments and being denied investigative assignments. The Plaintiff has endured 8 surgeries as a result of on-duty injuries that have occurred while employed as a police officer for the City of San Jose. A request for an additional surgery is pending. As a result of these injuries the Plaintiff

Case Management Statement 03-17-2008    1
C0800120JW

has impaired mobility of his legs, neck, left arm and shoulder. As a qualified disabled employee the Plaintiff has been denied: promotional and career development opportunities and the ability to compete for positions within the Police Department that do not involve the arrest function. The Plaintiff has been denied: the right to seniority bid, vital information about the Exempt Officer Equality Program has been with held so that the Plaintiff could make informed decisions about involuntary retirement options and other violations of the Consent Decree have occurred. The Exempt Officer Equality Program also known as "the Program", Consent Decree C-96 20060 RS". Ninth Circuit opinion, entitled *Cripe v. City of San Jose, 261 F.3d 877 (9th Cir. 2001)*). The Plaintiff has also been discriminated against because of medical restrictions from on-duty injuries and the Plaintiff has been denied reasonable accommodations.

The financial compensation losses will be based upon the contractual agreement between the Police Officer's Association Memorandum of Agreement (MOA) and the City of San Jose. The Plaintiff requests relief to include promotion to the rank of Sergeant, seniority back to the date of the violation, retroactive back pay, punitive damages, legal fees and a new Consent Decree clarifying the City's obligations in the future treatment of injured officers. The improved language will involve the interactive process and allow injured officers the opportunity to test for any position within the San Jose Police Department, these and additional changes will preventing future ADA violations, which will aid in the administration and placement of injured San Jose Police Officers. Currently the Police Administration does not use the Interactive Process when assigning injured officers. By involving the Interactive Process this will aid in meeting the goals of the injured employees by providing continued meaningful employment, career advancement opportunities and meet the needs of the San Jose Police Department.

### Legal Issues

The Defendant's answer to the complaint denies that violations of the Program have occurred and that the defendant is in compliance with the ADA. The Plaintiff disagrees with the Defendant's answer to the complaint. The Plaintiff has tried to address many of these violations through the City of San Jose's administrative remedies without satisfaction. While the Plaintiff was exhausting the administrative remedies additional

violations occurred and the Plaintiff has been exposed to supervisor misconduct. The Defendant's answer to the complaint about legal issues in dispute are: Government Codes, statute of limitations, business necessity defense under both federal and state law.

The Plaintiff consents to the assignment of this case to a United States Magistrate Judge for trial, but the Defendant has requested that the case be reassigned.

**Alternative Dispute Resolution**

On March 05, 2008 a meet and confer meeting occurred at the offices of the Defendant. ADR Settlement Conference with a Magistrate Judge was agreed upon by both parties. The Plaintiff would like United States Magistrate Judge Patricia Trumbull to preside over the ADR Settlement Conference.

Both parties discussed that only a few changes have occurred between the previous Article 39 guidelines (Article 39 was part of a contractual agreement, Memorandum of Agreement [MOA] between the City of San Jose and the San Jose Police Association, allowing modified duty for injured officers and guidelines for treatment and regulations prior to the Consent Decree C-96 20060 RS and the Exempt Officer Equality Program). Both parties agreed that the name has changed from Article 39 to the Exempt Officer Equality Program and a few jobs were added but there have been few other changes. The Defendant asked if the plaintiff was interested in sitting on a panel to explore avenues and make recommendations to improve the Exempt Officer Equality Program. The Plaintiff accepted the offer and challenge. At this time no additional goals, objectives, boundaries, participants or deadlines have been discussed when the panel will convene. The Plaintiff suggested an early settlement offer similar to the previously submitted Default Judgment request to include that the Plaintiff be promoted, retroactive back pay, retirement option and changes to improve the administration of the Consent Decree. The offer was rejected by the Defendant.

**Disclosures**

At the writing of this statement no disclosures have taken place but the defendant said that an effort to obtain the Plaintiff's initial discovery materials would begin. The Plaintiff requested:

Case Management Statement 03-17-2008      3
C0800120JW

1. The names and addresses of persons, other than the defendant, he/she intends to call
2. as witnesses at trial, together with any relevant written or recorded statements of those
3. persons, or reports of the statements of those persons, including any reports or
4. statements of experts made in connection with the case, and including the results of
5. physical or mental examinations, scientific tests, experiments, or comparisons which the
6. defendant intends to offer in as evidence at the trial. Any real evidence which the
7. defendant intends to offer in as evidence at the trial. This request is a continuing
8. request, to cover not only all such material currently in existence, but all material which
9. comes into existence to the conclusion of this case.
10.
11. The Defendant requested a timeline of work related injuries, surgeries and job
12. placement information from the Plaintiff. The Defendant was advised that information
13. could be obtained through San Jose Police Department's Personnel Department and
14. through the Worker's Compensation Unit of the City of San Jose's Employee Services.
15.

16. ### Discovery
17. The Plaintiff agrees to the following discovery plan:
18. The Plaintiff agrees that Depositions, Interrogatories, requests for admissions and
19. requests for document production will take place. At the writing of this no time limit has
20. been agreed upon to obtain the requested documents. The Plaintiff believes a
21. reasonable time limit should be set, four to six months, accompanying this statement is
22. a document demand request. A similar Discovery request has been given to the
23. Defendant at the meet and confer meeting on 03-05-2008. The Plaintiff will leave it up
24. to the Courts, whose experience can dictate what a reasonable deadline should be for
25. the conclusion of discovery and the document demand request. The Plaintiff would also
26. like the option to extend the time needed to review the discovery materials upon good
27. cause. The Plaintiff has endured 8 surgeries as a result of on-duty injuries that have
28. occurred while employed as a police officer for the City of San Jose. A request for an
29. additional surgery is pending approval by the City of San Jose Worker's Compensation
30. Department, the first request for surgery was denied. The Plaintiff has begun the
31. appeals process to have the surgery approved. The Plaintiff would also like the option
32. to change the dates of the pretrial meet and confer meeting and trial dates by making

Case Management Statement 03-17-2008        4

C0800120JW

1 the dates sooner if the time needed to review the discovery materials takes significantly
2 less time and is concluded before the dates given by the Court.

### Trial Schedule

No set trial dates had been discussed at the meet and confer meeting. The Plaintiff will defer to the Court's discretion and experience in setting a reasonable timeline for the trial and the expected number of days that the trial could last.

Dated: 03-17-2008                          _____
                                                    Plaintiff

### Case Management Order

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

- Both parties have stipulated to participate in the ADR Settlement Conference.
- United States Magistrate Judge Patricia Trumbull to preside over the ADR Settlement Conference.
- Additional Case Management Conferences at the Courts discretion.
- Disclosure and Discovery motions will be directed to the merits of this case.
- Pitchess motions will not be necessary to obtain San Jose Police Personnel records the Plaintiff has articulated cause for the records in question.
- The convening of the Exempt Officer Equality Program improvement panel will be a topic of discussion within the ADR Settlement Conference.
- The deadline for delivery of the requested documents will be 4 months after the Settlement Conference Award and Judgment is filed.

Dated:_____         _____
                                           United States District /Magistrate Judge

Case Management Statement 03-17-2008        5

C0800120JW