1  RICHARD DOYLE, City Attorney (#88625)
   NORA FRIMANN, Chief Trial Attorney (#93249)
2  CLIFFORD GREENBERG, Senior Deputy City Attorney (#122612)
   Office of the City Attorney
3  200 East Santa Clara Street
   San Jose, California  95113
4  Telephone:    (408) 535-1900
   Facsimile:    (408) 998-3131
5  Email:        cao.main@sanjoseca.gov

6  Attorneys for Defendant
   CITY OF SAN JOSE

7

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9                  SAN JOSE FACILITY

10

11  TIMOTHY L. GALL,                    NO.:   C08-00120 PVT

12              Plaintiff,              **CASE MANAGEMENT CONFERENCE
                                        STATEMENT**
13       v.

14  CITY OF SAN JOSE,

15              Defendant.

16

17       Defendant City of San José hereby submits its Case Management Conference

18  Statement and proposed Order and requests the Court to adopt it as its Case Management

19  Order in this matter.

20  **1.    JURISDICTION AND SERVICE**

21       Defendant City acknowledges that the Court has jurisdiction over this discrimination

22  complaint.  City was served on February 1, 2008 and answered on February 21, 2008.

23  **2.    FACTS**

24       Plaintiff is a current San Jose police officer who has suffered a number of injuries

25  during his career.  He is medically restricted from full patrol duty and is unable to work a full

26  40 hour work week.  Defendant is informed that Plaintiff will undergo further knee surgery on

27  April 18, 2008, and will be completely disabled for an unknown period of time.

28

1    Since about 1997, Plaintiff has been on total disability or modified duty numerous

2    times. In this case, he complains that the current system of placing injured officers in

3    positions within the Police Department is unfair and violates the ADA. He also seems to

4    complain that current system is not administered properly. The current system is governed

5    by a Consent Decree issued in 2005, following a Ninth Circuit decision in *Cripe v. City of San*

6    *Jose*, and a jury trial conducted by Magistrate Judge Seeborg. It is not altogether clear what

7    provisions of the Consent Decree are claimed to be violative of the ADA, or what provisions

8    are improperly administered, nor is it clear how these alleged violations have affected Plaintiff

9    particularly. Defendant believes that Plaintiff claims that he has not had the opportunity to

10    compete for positions of which he can perform the functions.

11    Plaintiff also apparently believes that he was not promoted on account of his disability.

12    **3.    LEGAL ISSUES**

13    Because of Defendant's uncertainty regarding Plaintiff's claims, only a partial list of

14    issues can be identified.

15    a.    Is Plaintiff "disabled" under the ADA?

16    b.    Can Plaintiff challenge the Consent Decree, since it is a Court Order purporting

17    to resolve numerous ADA issues as they relate to the San Jose Police Department?

18    c.    Does Plaintiff have standing to seek changes in the Consent Decree? (Plaintiff

19    previously attempted to intervene in the *Cripe* matter in order to challenge the application of

20    the Consent Decree, but Judge Seeborg ruled that he did not have standing. (C 96-20060

21    RS, Doc. 290.)

22    d.    What obligations does a police department have to "accommodate" an officer

23    who cannot work Patrol and cannot work a full 40 hour week.

24    e.    To what extent can Plaintiff claim that the Consent Decree was not properly

25    administered, since some of his complaints do not seem to apply to his situation.

26    **4.    MOTIONS**

27    Defendant City of San Jose plans to move for summary judgment.

28    / / /

5.    **AMENDMENT OF PLEADINGS**

Defendant is unaware of the need for amendment.

6.    **EVIDENCE PRESERVATION**

Defendant is in the process of obtaining relevant documents and does not expect evidence preservation to be an issue.

7.    **DISCLOSURES**

Defendant is in the process of obtaining relevant documents and hopes to produce same, with its initial disclosures, prior to the date of the Case Management Conference.

8.    **DISCOVERY**

Defendant believes that the presumptive discovery limits should apply.

9.    **CLASS ACTIONS**

N/A

10.    **RELATED CASES**

*Cripe v. City of San Jose*, Judge Seeborg; C-96 20060 RS

(Although *Cripe* was completed and is a closed file, this action relates to a number of the provisions of the Consent Decree issued therein, about which Judge Seeborg is familiar.)

11.    **RELIEF**

N/A

12.    **SETTLEMENT AND ADR**

The parties have agreed to attempt settlement through a Settlement Conference with a Magistrate of this Court.

Defendant continues to offer to Plaintiff the chance to participate in discussions to improve the administration of the Consent Decree and related matters concerning officers who have been injured and can no longer work Patrol assignments.  However, Defendant has trouble working through these issues under the threat of litigation.

/ / /

/ / /

/ / /

CASE MGMT CONF STMT; C08-00120 PVT                    3                    475912

1   **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

2          Defendant objected to the Magistrate originally assigned but believes that Magistrate

3   Judge Seeborg should be assigned this litigation, based on his knowledge of the issues

4   leading to the entry of the Consent Decree.

5   **14.    OTHER REFERENCES**

6          N/A

7   **15.    NARROWING OF ISSUES**

8          A better understanding of Plaintiffs' claims is required.

9   **16.    EXPEDITED SCHEDULE**

10         N/A

11  **17.    SCHEDULING**

12         A good deal of discovery is required in order to understand and respond to Plaintiff's

13  claims.  Defendant suggests a trial date in mid 2009, with appropriate deadlines prior to trial.

14  **18.    TRIAL**

15         Mid 2009.

16  **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

17         The parties to the *Cripe* litigation have all retired from the San Jose Police

18  Department, and presumably do not have any pecuniary interest in this litigation.  However,

19  the San Jose Police Officers' Association (POA), the recognized bargaining unit for police

20  officers in San Jose, has an interest in the Consent Decree, since the Consent Decree

21  became a provision in the MOA between the POA and the City.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1   **20.   OTHER MATTERS**

2      N/A

3

4   DATED:     April 18, 2008           RICHARD DOYLE, City Attorney

5

6                                  By:        /s/ Clifford S. Greenberg
                                            CLIFFORD S. GREENBERG

7                                          Senior Deputy City Attorney

8                                  Attorneys for Defendant
                                  CITY OF SAN JOSÉ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2
CASE NAME:     *Timothy L. Gall v. City of San José*
CASE NO.:       C08-00120 PVT

3

4
    I, the undersigned declare as follows:

5
    I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San José, California 95113-1905, and is located in the county where the service described below occurred.

6

7
    On **April 18, 2008**, I caused to be served the within:

8

9
**CASE MANAGEMENT CONFERENCE STATEMENT**

10
☒    by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

11

12
    I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

13

14
Addressed as follows:

15

16
Timothy L. Gall                       Plaintiff
Plaintiff in Pro Se
15435 La Jolla Drive

17
Morgan Hill CA 95037

18
PHONE:    (408) 460-0327

19

20
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **April 18, 2008**, at San José, California.

21

22

23
_____
S. C. CARDOZA

24

25

26

27

28

PROOF OF SERVICE –