IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Timothy L. Gall,<br><br>    Plaintiff,<br>  v.<br><br>City of San Jose,<br><br>    Defendant. | NO. C 08-00120 JW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Presently before the Court is Plaintiff's Motion for Leave to Amend. (hereafter, "Motion," Docket Item No. 34.) Defendant filed a timely opposition pursuant to the Court's October 2, 2008 Order. (See Docket Item No. 41.)

Ruled 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, when a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Amerisource Bergen

Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999).

In this case, Plaintiff seeks to add a claim for violations of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6, 1320a-7a(f), on the ground that Plaintiff's workplace supervisor wrongfully obtained medical information about Plaintiff from Plaintiff's doctor. (Reply to Defendant's Opposition to Motion for Leave to Amend at 1, Docket Item No. 48.)

HIPAA does not provide a private right of action. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081-83 (9th Cir. 2007); Chrisanthis v. Nicholson, No. 2007 WL 2782860, *5 (N.D. Cal. Sep. 25, 2007); Runkle v. Gonzales, 391 F. Supp. 2d 210, 237 (D.D.C. 2005).

Accordingly, the Court DENIES Plaintiff's motion for leave to file an Amended Complaint to add a HIPAA claim because it would be futile.

Dated: November 25, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clifford S. Greenberg cao.main@sanjoseca.gov
Vincent P. Hurley vphurley@hurleylaw.com

Timothy L Gall
15435 La Jolla Drive
Morgan Hill, CA 95037

| | |
|---|---|
| **Dated: November 25, 2008** | **Richard W. Wieking, Clerk** |
| | **By:   /s/ JW Chambers**<br>    **Elizabeth Garcia**<br>    **Courtroom Deputy** |